## Merrill I. Mills v. Zephaniah W. Bunce and others.

*Partnership: Execution of promissory notes: Affidavit.* An affidavit by two out of three defendants, who are sued as joint makers of promissory notes purporting to be executed in the name of a firm, denying, "each for himself, that he ever signed, executed or delivered either of said notes," etc., is not sufficient to put the plaintiff to proof of the execution of the notes; such an affidavit might be made in every case of a partnership note, by each of the parties except the one who actually signed the partnership name and delivered the instrument.

*Partnership: Promissory notes: Evidence.* In an action upon notes purporting to be executed by a firm, where the partnership is conceded, but the defense relied upon is that the paper was given in a transaction not within the line of the partnership, a considerable latitude should be allowed in the proof of facts tending to show that all the defendants knew that their partnership name was being used in the dealings with the plaintiff; and the fact that the business and the correspondence was carried on in the partnership name is admissible in connection with evidence from which the jury might infer that all the defendants had knowledge that plaintiff understood he was dealing with the firm.

*Submitted on briefs May 12. Decided May 13.*

Error to St. Clair Circuit.

*T. C. Owen* and *Moore & Griffin*, for plaintiff in error.

*Atkinson & Hawley*, for defendants in error.

COOLEY, J.

This action was brought upon two promissory notes purporting to be made by Z. W. Bunce & Co., copies of which were annexed to the declaration. This declaration with these copies annexed, in effect counted upon the two notes as made by all the defendants in the joint name which was signed to them. The defendants Mumford Bunce and Leverett Bunce, in order to cast upon the plaintiff the burden of proof to show them to be liable as makers, filed their affidavit, in which they say that they "do now, each for himself, deny that he ever signed, executed or delivered either of said notes, copies of which are set forth in the plaintiff's declaration." The circuit court held that this put the plaintiff to proof of the execution of the notes.

We think this ruling was erroneous. This is such an affidavit as in every case of a partnership note might be made by each of the partners except the one who actually signed in the partnership name and delivered the instrument; and in every such case the ruling of the court below, if sustained, would defeat the purpose of the rule which makes the note prove itself when its execution is not denied on oath. The denial, in such a case, should either be jointly on the part of all the defendants, or if a part of them only file an affidavit on their own behalf, the denial should be broad enough to negative such a proper execution of the instrument in a partnership name by another partner as would bind the defendants who file it as makers.

We think, also, that in a case like this, where it was conceded that the defendants were partners in fact, and the question in dispute was whether the particular transaction in which the note was given was in the line of the partnership business, a greater latitude should have been allowed in proving the facts which might tend to show that all the

defendants knew their partnership name was being used in the dealings with the plaintiff.   In particular, we think the plaintiff should have been permitted to show that the business with him was carried on in the partnership name. True, this would not make the partnership liable if one of the partners was using the name without the knowledge of the others; but there was evidence from which the jury might conclude that all the defendants must have known that the plaintiff understood he was dealing with them jointly; and the fact that the correspondence was conducted in the firm name, was a circumstance very proper to be considered in connection with the other facts as bearing upon the real nature of these dealings, as being individual or partnership.

Judgment reversed, and new trial.

The other Justices concurred.